UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL L.,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-CV-05789-RLP

ORDER DISMISSING HABEAS PETITION

Before the Court is Daniel L.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1. Respondent filed an opposition, ECF

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case

No. 7. After the Court appointed counsel for Petitioner, Petitioner filed a reply, ECF No. 10. The Court subsequently directed Respondent to file supplemental briefing responsive to Petitioner's reply. ECF No. 11. Respondent filed a supplemental brief, ECF No. 12, and Petitioner filed a supplemental reply, ECF No. 13.

Respondent later filed a "Notice of Change in Detention Authority and Request to Lift No Transfer Order," advising the Court that an Immigration Judge had ordered Petitioner removed to Mexico and that the removal order had become final. ECF No. 15.

The Court has reviewed the record and is fully informed. For the reasons below, the Petition is dismissed without prejudice.

BACKGROUND

Petitioner is a citizen of Mexico. ECF No. 7-1 at 1-2. He entered the United States without inspection on an unknown date. *Id*. In August 2021, Petitioner was convicted in California state court of two felony counts: pandering to a person under 16 and force/assault with a deadly weapon (not firearm) with great bodily

---

Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

injury likely. ECF No. 7-2 at 13. Petitioner received an eight-year prison sentence for these convictions. *Id.*

On April 13, 2026, while at a parole office in Auburn, California, Petitioner was taken into immigration custody. ECF No. 7-1 at 2; ECF No. 10-1 at 2-3. Petitioner filed the instant petition while his removal proceedings were pending. ECF No. 1. Respondent maintained that Petitioner's detention was governed by 8 U.S.C. § 1226 and that his criminal convictions subjected him to mandatory detention under § 1226(c). ECF No. 7 at 1-4. Respondent further argued that Petitioner could challenge his classification under § 1226(c) through a custody hearing pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). *Id.* at 3-4.

Through appointed counsel, Petitioner subsequently challenged the statutory and regulatory basis for his detention, including the authority for his initial detention, the absence of a Form I-286 custody determination, and the timing of the Notice to Appear and Form I-200. ECF No. 10 at 2-7. Petitioner also argued that his detention violated due process and sought immediate release. *Id.* at 7-10. The parties addressed these issues further in supplemental briefing. ECF Nos. 12, 13.

While the petition remained pending, Petitioner's removal proceedings concluded. *See* ECF No. 15-1. On October 6, 2026, an Immigration Judge found Petitioner inadmissible and ordered him removed to Mexico. ECF No. 15-1 at 1, 3.

Both Petitioner and the Department of Homeland Security waived appeal. *Id.* at 4. The removal order therefore became administratively final that day. *See* 8 C.F.R. § 1003.39. Respondent subsequently notified the Court that the statutory authority for Petitioner's detention had shifted to 8 U.S.C. § 1231(a)(2) and requested dismissal of the petition and that the Court lift its no-transfer order. ECF No. 15 at 1.

## LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).

Once a removal order becomes final, detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28 (2021). Section 1231 provides for a 90-day removal period, during which detention is mandatory. 8 U.S.C. § 1231(a)(1)-(2); *Guzman Chavez*, 594 U.S. at 528 ("During the removal period, detention is mandatory."). A noncitizen detained during the removal period

"cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 & n.3 (9th Cir. 2004).

A challenge to detention under § 1226 becomes moot when a final removal order shifts the petitioner's detention authority to § 1231 and the court can no longer grant the requested relief under § 1226. *See Duralev v. Mayorkas*, No. 21-55200, 2022 WL 3700851, * at 1 (9th Cir. Aug. 26, 2022) (dismissing appeal of detention under § 1226(a) as moot after petitioner became subject to mandatory detention under § 1231(a)(2)).

ANALYSIS

In this case, Petitioner's removal order became administratively final on October 6, 2026, when both Petitioner and the Department of Homeland Security waived appeal. ECF No. 15-1 at 4; *see* 8 C.F.R. § 1003.39. His detention is therefore now governed by § 1231 rather than § 1226.

Petitioner's challenges to his earlier detention under § 1226 are now moot. *See Duralev*, 2022 WL 3700851, at *1. Because Petitioner is now subject to mandatory detention under § 1231(a)(2), the Court can no longer grant the relief he seeks based on his earlier detention under § 1226.

Petitioner is now within § 1231's 90-day removal period, during which detention is mandatory. 8 U.S.C. § 1231(a)(2). Because fewer than 90 days have passed since his removal order became final, Petitioner has no colorable due process claim for release from his present detention. *See Khotesouvan*, 386 F.3d at 1299 & n.3. The Court therefore dismisses the petition without prejudice.

**Accordingly, IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE**.
2. Respondent's Request to Lift No Transfer Order, **ECF No. 15**, is **GRANTED**.
3. The order directing that Petitioner not be transferred, **ECF No. 6**, is **REVOKED**.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Respondent and the case closed. The Clerk of Court is directed to transmit a copy of this order to Respondent and Petitioner.

DATED October 28, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE